55 CCPA

**Application of Armand A. LACHANCE and Stanley Ciborowski.**

**Patent Appeal No. 7911.**

United States Court of Customs and Patent Appeals.

Feb. 21, 1968.

Charles R. Fay, Worcester, Mass., for appellants.

Joseph Schimmel, Washington, D. C. (Joseph F. Nakamura, Washington, D. C., of counsel) for the Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH and ALMOND, Judges, and WILLIAM H. KIRKPATRICK.*

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

SMITH, Judge.

The issue here is whether appellants' claimed combination is obvious under 35 U.S.C. § 103.

That issue arises in an appeal from the decision of the Board of Appeals,[1] affirming the rejection by the examiner of claims 1 and 2 of the appellants' application.[2] No claim has been allowed.

The claimed invention relates to a nesting grocery or shopping cart which may be understood by reference to Figs. 2 and 3 of appellants' application:

FIG. 2

FIG. 3

The nesting cart is adapted to transfer articles automatically from its basket 20 to a checkout counter 39. In the place of a conventional bottom, the basket is provided with an endless, wide-belt conveyor 34, trained over rollers 36 and 38 and mounted at an incline so that the carts may nest as seen in Fig. 2. The front wall 32 is pivoted to swing outwardly from the basket to permit articles to be discharged from the front end of the cart. A power-operated roller 40, on one end of the checkout counter, is mounted to engage the roller 38 at the front end of the cart and thus cause the belt to transfer goods from the cart.

The underframe 10, the basket frame 18, and the side walls of the basket are generally inwardly converging from the rear toward the front of the cart to permit nesting. For the same purpose, the conveyor belt 34 and bottom frame 18 of

---

1. The board consisted of Messrs. Dracopoulos and Brewrink, Examiners-in-Chief, and Reynolds, Acting Examiner-in-Chief. Mr. Brewrink wrote the opinion of the board.

2. Serial No. 376,531, filed June 19, 1964 for "Nesting Grocery Cart Having Power Operated Means to Discharge the Contents."

the basket slope upwardly from the rear of the cart to the front. A swinging gate 26 affords an entrance for the nesting basket.

Two claims are on appeal. Claim 2 provides:

2. The combination of a checkout counter which includes a conveyor thereon leading from an entrance point for the checkout counter to a checking station, and means to drive the conveyor; with automatically depositing carts of the nesting type each of which comprises a wheeled frame converging from the rear portion toward the front of the cart, means mounting a container on the rear portion of the wheeled frame in raised position with respect thereto, side walls for the container, said walls converging from the rear of the cart toward the front thereof in conformance with the convergence of the wheeled frame, a swinging gate at the rear of the container, means forming a belt conveyor in said container, said belt conveyor forming the bottom of said container and being located on an incline upwardly from the rear to the front of the cart, said conveyor having parallel side edges, an operable front wall for the grocery cart so that the conveyor can discharge goods in the cart toward and through the opening formed thereby, means to drive the conveyor in the container, said means being mounted on said checkout counter and comprising a roll in position to engage and drive the belt in the container when the cart is arranged in proper relationship with respect to said driven roll, so that the goods are discharged from the cart through the opening and onto the conveyor belt at the checkout counter, each cart being nestable with relation to each other cart by reason of the swinging gate, the inclined belt conveyor bottom, and the converging walls of the container.

Claim 1 is directed to the cart itself and is very similar to the cart element as claimed in the combination set forth in claim 2.

The references relied on are:

| Winokur et al. | 2,743,827 | May 1, 1956 |
| Sharaway | 3,036,722 | May 29, 1962 |

The Winokur et al. patent discloses a system for handling grocery carts which are nested together. Appellants' brief states that:

\* \* \* The patent to Winokur is only used to show that the conventional tapering type of nesting grocery cart is old and well known and of course this is clearly a fact, see Fig. 10 of Winokur at R 45. These nesting carts are notoriously old and have been ever since their introduction some ten or fifteen years ago. It is not believed that Winokur is used to show anything [other] than this fact and there are many other references that would show the same thing. [Brackets added.]

The Sharaway patent discloses a grocery cart capable of automatically unloading and transferring groceries from the cart to a checkout counter. The bottom of the basket of the cart is formed by an endless conveyor belt. The basket has a front panel which swings upwardly to permit discharging groceries from the front end of the cart while the conveyor is operated when the cart is positioned at a checkout counter. The cart as shown in Sharaway is generally rectangular and has a cross bar, which would prevent nesting, connecting the upright supports. Similarly, the Sharaway reference shows a rigid rear basket wall which likewise would prevent nesting. Appellants' brief concedes that Sharaway's disclosed merchandise discharge belt, forward gate, and power-driven roller adapted to energize the belt is "similar to the showing in the present case."

The position taken by the board in affirming the examiner's rejection was:

> The issues for decision concerns [sic] the rejection by the Examiner under 35 U.S.C. 103 of claims 1 and 2 as unpatentable over Sharaway taken with Winokur et al. It is the Examiner's position that persons of ordinary skill in the art would find it obvious to shape the Sharaway cart to permit nesting as shown in Winokur et al.
>
> We have considered appellants' disclosure and arguments as presented in the briefs and at oral hearing but are not convinced as to error in the Examiner's position. It appears to us that the unloading features of Sharaway and the cart contour needed for nesting as shown by Winokur et al. are so independent in character as to render their use in conjunction no more than an obvious election to have in a single article the advantage of each feature. We see no significant problems of design as requiring alteration of the Sharaway conveyor features when applied to a nestable cart and support the Examiner in his answers to appellants' arguments as presented at page 3 of his answer. \* \* \*

We cannot agree with appellants' argument here that:

> If it is so clear and obvious to use the conveyor belt in a nesting cart, i. e., taking a conveyor which is rectangular in form and arranging for it to be placed in the botton of a basket which has converging sides, as the Board says, it is perfectly clear that Sharaway would have done this. By not doing so he has made his own cart completely useless for the supermarket use for which these carts are normally made. \* \* \*

■ While it may be true that Sharaway does not disclose a nesting cart, the prior art of record is adequate evidence that *each* of appellants' combined concepts is known to the art. We agree with the board that the invention, considered as a whole, would have been obvious under 35 U.S.C. § 103 at the time it was made.[3] Our review of appellants' application and the prior art cited in support of the rejection seems to us to establish clearly that the combination of the teachings of the prior art of record would have been "obvious" in the sense of section 103.

At best, one faced with the problem of providing a rapid and convenient checkout counter system for a supermarket, for example, would be required to economize space by providing nesting type carts and it would require only the ordinary skill in the art to assemble from the prior art the invention which appellants have here claimed. See Graham v. John Deere Co., 383 U.S. 1, 86 S. Ct. 684, 15 L.Ed.2d 545 (1966).

■ We have explored the appellants' arguments in some detail and reviewed the authorities cited in their brief.[4] We are not convinced, however,

3. At the oral argument, counsel for appellants pointed out that if the Sharaway conveyor belt bottom was placed in the Winokur et al. nesting cart, a triangular open space would occur on each side of the belt. He demonstrated a cart said to embody appellants' invention in which guard members were provided which overlie these spaces and were shaped to the top surface of the belt. While this feature is not disclosed in the prior art, neither is it claimed in the claims on appeal. We can, therefore, give it no weight in deciding the issue before us.

4. At the oral argument appellants' attorney argued that commercial success of appellants' invention was present, but that it occurred too late to be included in the record before the Patent Office. Under these circumstances, we are unable to consider it. 35 U.S.C. § 144.
To the extent that the argument in appellants' brief relates to "anticipation," that argument is inappropriate to the issue of "obviousness" here which clearly arises under 35 U.S.C. § 103. We think it fair to observe that the Patent Office and patent bar generally use the term

that the board misapplied the statutory requirement set forth in 35 U.S.C. § 103 in sustaining the examiner's rejection.

Thus, the decision of the board is affirmed.

Affirmed.

---

"anticipate" in connection with issues arising under 35 U.S.C. § 102. See In re Hughes, 345 F.2d 184, 52 CCPA 1355 (1965).

In any event, we think that the law stated in the cases cited by appellants in their brief does not require a conclusion that the board erred.

